**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian (SBN: 296829)
ak@kazlg.com
David J. McGlothlin (SBN: 253265)
david@kazlg.com
Mona Amini (SBN: 296829)
mona@kazlg.com
Gustavo Ponce (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KEARNEY LITTLEFIELD, LLP**
Prescott W. Littlefield (SBN: 259049)
Andrew J. Kearney (SBN: 323867)
pwl@kearneylittlefield.com
aik@kearneylittlefield.com
100 N Brand Blvd. Suite 424
Glendale, CA 91203
Telephone: (213) 473-1900
Facsimile: (213) 473-1919

*Attorneys for Plaintiff Eduardo Sapetto*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SAPETTO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TATE & KIRLIN ASSOCIATES, INC.<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, et seq.; AND<br>2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, et seq.<br><br>JURY TRIAL DEMANDED |

- 1 -
CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiff Eduardo Sapetto, individually and on behalf of all others similarly situated ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant Tate & Kirlin Associates, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in here took place in California.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**6.** All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("Rosenthal Act").

9. Because Defendant does business within the State of California, personal jurisdiction is established.

10. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the harm to Plaintiff occurred within this district.

11. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

12. Plaintiff is a natural person who resides within this district in the City of Los Angeles, in the State of California.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is, and at all times mentioned herein was, a company registered and formed under the laws of the State of Pennsylvania with a primary place of business and/or headquarters is located Langhorne, Pennsylvania

16. Defendant is a self-described debt collector, and person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

19. Sometime prior to July 2022, Plaintiff allegedly incurred a financial obligation to ADT Security Services.

20. ADT Security Services is a "creditor" as defined by 15 U.S.C. § 1692a(4) and Cal. Civ. Code 1788.2(i).

21. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff takes no position as to the validity of said debt.

23. Sometime prior to July 2022, ADT Security Services, either directly or through intermediate transactions, assigned, placed or transferred the alleged debt arising from the obligation to Defendant for purposes of collection.

24. At the time the alleged debt arising from the ADT Security Services obligation was assigned, placed, or transferred to Defendant, such financial obligation was in default.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

28. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. On or about July 6, 2022, Defendant called Plaintiff, or caused Plaintiff to be called from the number (949) 590-8950, with a caller ID which appeared on Plaintiff's phone as "American Exp."

30. When Plaintiff answered this call, he was surprised to find out that the caller was not American Express, but rather Defendant calling instead, in attempt to collect upon the debt it claimed was owed related to the ADT Security Services obligation, and in fact nothing to do with American Express.

31. On or about July 27, 2022, Defendant called Plaintiff, or caused Plaintiff to be called from the number (949) 590-9354, with a caller ID which appeared on Plaintiff's phone as "AmericanExpress."

32. When Plaintiff answered this call, he was surprised to find out that the caller was not American Express, but rather Defendant calling instead, in attempt to

CLASS ACTION COMPLAINT

collect upon the debt it claimed was owed related to the ADT Security Services obligation, and in fact nothing to do with American Express.

33. On information and belief, Defendant called Plaintiff and other similarly situated persons utilizing the same or similar telephone numbers which displayed a caller ID other than its true name.

34. These calls were each a "communication" to Plaintiff as that term is defined by 15 U.S.C. § 1692a(2) and as anticipated by the Rosenthal Act.

35. These communications constituted a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

36. The above-referenced calls were designed by Defendant to mislead and deceive the least sophisticated debtor into believing that the caller was American Express, or someone other than Defendant, and concealed the caller's true identity.

37. Further, the call was deceptive, misleading, and confusing to a "least sophisticated consumer," as it failed to make clear to a least sophisticated consumer who was actually calling, that the call was from a debt collector, or that the call was a debt collection attempt unrelated to American Express.

38. Through the above communications, which concealed Defendant's identity and/or the true purpose of the communication, Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

39. Through this conduct, Defendant used false or misleading representations, or deceptive means, to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through the above communications, Defendant used unfair or unconscionable means to collect, or attempt to collect, an allege debt in violation of 15 U.S.C. § 1692f.

41. Because the above conduct violated the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17, Defendant' above-alleged conduct and/or omissions also violated Cal. Civ. Code § 1788.17.

42. As a result of Defendant's unfair, deceptive, false, harassing, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered an invasion of privacy, was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

43. Through the above-referenced calls, Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("Rosenthal Act").

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from Defendant which are in violation of the FDCPA or the California Rosenthal Act, as described in this Complaint. This action is properly maintained as a Class Action.

45. Plaintiff represents and is a member of the Class consisting of:

> All consumers within the United States who received calls Defendant and/or Defendant's agent(s) with a caller ID that showed and/or implied a call from American Express, within one year prior to the filing of the Complaint in this action

46. In addition, Plaintiff is also a representative and a member of the SubClass consisting of:

> All consumers with within the State of California who received calls from Defendant and/or Defendant's agent(s) with a caller ID that showed and/or implied a call from American Express, within one year prior to the filing of the Complaint in this action

47. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA and/or the California Rosenthal Act. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§ 1692d, 1692e, 1692f, and subsections cited therein;
    b. Whether Defendant violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act; and
    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct.
    d. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

48. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

49. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

50. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

51. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains; and

52. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count I

### Violation of the Fair Debt Collection Practices Act (FDCPA)

### 15 U.S.C. §§ 1692, et seq.

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Count II

## Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act) Cal. Civ. Code §§ 1788, et seq.

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

58. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative of the Class and the SubClass defined herein or as certified by the Court, and appointing Plaintiff's counsel as Class Counsel;

- Awarding Plaintiff and each member of the Class and the SubClass maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA and Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act;

- Awarding pre-judgment interest;

- Awarding post-judgment interest;

- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act; and

- Awarding Plaintiff and each member of the Class and the SubClass any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

59. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: January 12, 2023                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___*s/ Abbas Kazerounian*___
ABBAS KAZEROUNIAN, ESQ.
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.
GUSTAVO PONCE, ESQ.

*Attorneys for Plaintiff*